**FILED UNDER SEAL**

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

FRANK GANGI, FERROUS MINER
HOLDINGS, LTD., BABP VI, LLC, and
GLOBAL NAPS, INC.,

              Petitioners,

v.

UNITED STATES OF AMERICA,

              Respondent.

Civil Case No. _____

### PETITION TO QUASH IRS THIRD-PARTY SUMMONS

Petitioners Frank Gangi; Ferrous Miner Holdings, Ltd.; BABP VI, LLC; and, Global NAPs, Inc. (collectively, "Petitioners,") by and through their attorneys, respectfully Petition this Court to quash the improper and invalid Administrative Summons issued by the Internal Revenue Service ("IRS") to Ed Taylor, CPA, of Nardella & Taylor, LLP and in support thereof aver as follows:

### JURISDICTION AND VENUE

1.     On or about March 1, 2010, Internal Revenue Agent Jackie Moss ("Agent Moss") issued an Administrative Summons (the "Summons") directed to Mr. Taylor for the production of documents under the purported authority of 26 U.S.C. § 7602(a). A true and correct copy of the Summons, as delivered to counsel for Petitioners is attached hereto as Exhibit A.

2.     26 U.S.C. § 7609(h) confers jurisdiction upon the District Court for the district in which the person to whom an administrative summons issued by the IRS is directed, resides, or is found to hear and determine any proceeding to quash the Summons.

3.     This Court also has jurisdiction under 28 U.S.C. § 1340 which confers upon this Court "original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue, or revenue from imports or tonnage except matters within the jurisdiction of the Court of International Trade."

## THE PARTIES

4.     Petitioner Frank Gangi is a citizen of the United States and lives in Massachusetts.

5.     Petitioner Ferrous Miner Holdings, Ltd. is a Delaware corporation, whose mailing address is 10 Merrymount Road, Quincy, MA 02169.

6.     Petitioner BABP VI, LLC is a United States Virgin Islands limited liability company, whose mailing address is P.O. Box 8809, St. Thomas, VI 00801.

7.     Petitioner Global NAPs, Inc. is a corporation formed in the State of Delaware, whose office address is 10 Merrymount Road, Quincy, MA 02169.

8.     Respondent United States of America, Internal Revenue Service ("IRS") of the Department of the Treasury is a federal government entity with agencies and offices throughout the United States and, more specifically, with an Internal Revenue Office located at 15 New Sudbury Street, Boston, MA 02203.

## FACTUAL AND LEGAL BASIS FOR QUASHING THE SUMMONS

9.     The Summons directed Mr. Taylor to produce all "DOCUMENTS" and records in Mr. Taylor's possession or under its control relating to Petitioners for the period December 31, 1999, through January 31, 2005.   The Summons listed twenty-five specific requests for production.  *See* Exhibit A, pages 5-7.

10.     The IRS must at all times use the summons authority in good faith pursuit of a congressionally authorized purpose.  The IRS has the burden of showing that its investigation is

2

pursuant to a legitimate purpose and that the information sought is relevant and material to such legitimate purpose.

11.     Upon information and belief, the IRS is using its summons powers in a manner inconsistent with good faith pursuit of a congressionally authorized purpose.

12.     When enforcement of an IRS summons is challenged, the government must show (i) that the summons was issued for a proper purpose; (ii) that the information sought may be relevant to that purpose; (iii) that the information sought is not already in possession of the IRS; and, (iv) that the government has complied with the administrative steps required by law with respect to the issuance and service of a summons.  Powell v. United States, 379 U.S. 48, 57-58 (1964).

13.     If the government satisfies its *prima facie* burden, the taxpayer retains the right to challenge the IRS' summons by disproving one or more of the Powell requirements or by demonstrating that enforcement of the summons will result in abuse of the Court's process.  See Sugarloaf Funding, LLC v. United States Dep't of the Treasury, 584 F.3d 340, 346 (1st Cir. 2009).

14.     The Summons is invalid and should be quashed because it fails at least three of the four criteria under Powell v. United States, 379 U.S. 48 (1964), for enforcement of an administrative summons issued by the Internal Revenue Service.

15.     First, the Summons should be quashed because it was issued for an invalid purpose.  The IRS has audited Mr. Gangi for the tax years ending December 31, 2000; 2001; 2002; 2003; and, 2004.  As *bona fide* resident of the U.S. Virgin Islands within the meaning of 26 U.S.C. § 932(c)(4) for the tax years covered by the time period of the Summons, Mr. Gangi filed his income tax returns with the United States Virgin Islands Bureau of Internal Revenue,

3

reporting worldwide income and paying tax thereon under Title 26, as it applies in the U.S. Virgin Islands by operation of 48 U.S.C. § 1397. Pursuant to 26 U.S.C. § 6501, the applicable three-year statute of limitations has expired. Because the applicable statute of limitations has expired, the IRS can neither determine the tax liability of Mr. Gangi nor can the IRS collect on such as liability. Accordingly the IRS has no authority to issue the summons under 26 U.S.C. § 7602 because a valid purpose does not exist in the instant case.

16.     From the face of the Summons, it appears the Summons was issued "in the matter of *United States Income Tax Liability of Frank Gangi*." The purpose for the testimony and documents sought in the Summons is not disclosed on the face of the Summons.

17.     Additionally, from the face of the Summons the IRS is requesting Mr. Taylor, a certified public accountant, and federally authorized practitioner, to "[p]rovide questionnaires, interview notes, analysis, opinions, or any other information regarding the determination of residency of Frank Gangi for 2000, 2001, 2002, 2003, 2004 and 2005." Exhibit A, page 6, at point 6.   Mr. Taylor qualifies as a "federally authorized practitioner" under 26 U.S.C § 7525(a)(3)(A), and, as such, all communications between Mr. Gangi and Mr. Taylor are privileged under 26 U.S.C. § 7525(a)(1). Accordingly, the attempt by the IRS to obtain privileged information is not a valid purpose for the issuance of the Summons to Mr. Taylor or his accounting firm Nardella & Taylor, LLP.

18.     Second, the Summons should be quashed because the documents (with the exception of the requested documents noted at paragraph 17, *supra*) the IRS seeks from Mr. Taylor are not relevant to determination of Mr. Gangi's residency or tax liability.

19.     Upon information and belief, the IRS appears to be relying on a facts-and-circumstances test for residency as set forth in <u>Sochurek v. Commissioner</u>, 300 F.2d 34 (7th Cir.

1062) which examined 26 U.S.C. § 911, but did not examine the applicable law under 26 U.S.C. §§ 871, 932.

20.     However, none of the information or documents that may be obtained from Mr. Taylor has any bearing on any of the <u>Sochurek</u> factors, namely: (1) the intention of the taxpayer about residency; (2) establishment of a home temporarily in the foreign country for an indefinite period; (3) participation in the activities of his or her chosen community on social and cultural levels, identification with the daily lives of the people and, in general, assimilation into the foreign environment; (4) physical presence in the foreign country consistent with employment; (5) nature, extent and reasons for temporary absences from his or her temporary foreign home; (6) assumption of economic burdens and payment of taxes to the foreign country; (7) status of resident contrasted to that of transient or sojourner; (8) treatment accorded his or her income tax status by his or her employer; (9) marital status and residence of his or her family; (10) nature and duration of employment, whether his or her assignment abroad could be promptly accomplished within a definite or specified time; and (11) good faith in making his or her trip abroad and not for the purpose of tax evasion.  Thus, the issuance of the Summons fails the second <u>Powell</u> test.

21.     Further, even assuming *arguendo* that determining whether Mr. Gangi is a *bona fide* resident of the U.S. Virgin Islands within the meaning of 26 U.S.C. section 932(c)(4) is a valid purpose under <u>Powell</u>, the information and documents sought from Mr. Taylor have no relevance whatsoever to the determination of residency under 26 U.S.C. § 934.  The term "bona fide resident" for the periods subject to the summons (2001-2004) was defined in 26 U.S.C. § 934 and the Treasury Regulations thereunder.  Treasury Regulation § 1.934-1(c)(2) stated that "in determining whether a United States citizen is a bona fide resident of the Virgin Islands, the

5

principles of sections 1.871-2, 1.871-3, 1.871-4, and 1.871-5, relating to the determination of residence and nonresidence in the United States, shall apply."

In defining residence, Treasury Regulation § 1.871-2(b) provides:

> An alien actually present in the United States who is not a mere transient or sojourner is a resident of the United States for purposes of the income tax. Whether he is a transient is determined by **his intentions** with regard to the length and nature of his stay. A mere floating intention, indefinite as to time, to return to another country is not sufficient to constitute him a transient. . . . [I]f his purpose is of such a nature that an extended stay may be necessary for its accomplishment, and to that end the alien make [sic] his home temporarily in the United States, he becomes a resident, though it may be his intention at all times to return to his domicile abroad when the purpose for which he came has been consummated or abandoned. [Emphasis added.]

The determination of USVI residency cannot be determined by the requested documents as they have no bearing of Mr. Gangi's subjective belief as to whether he was bona a fide USVI resident for the period in question.

22.    Third, portions of the Summons fail the third test of Powell in that the requested documents are already in possession of the IRS.  Specifically, the Agent requested "[a]ll Forms 1040s and/or other individual returns filed with the United States Virgin Islands Bureau of Internal Revenue for the year(s) 2000, 2001, 2002, 2003, and 2004.  All Forms 1041, 1065, 1120, 1120F, 1120S, 1065 for each trust, partnership, non-publicly traded corporation/entity, foreign corporation/entity, limited liability company, and any other entities owned and/or controlled by Gangi, directly or indirectly, and/or controlled affiliates for tax years ending in 2000, 2001, 2002, 2003, and 2004."  Exhibit A, page 5 and 6, at points 1.a. and 1.b. All the tax returns filed with the United States Virgin Islands, pursuant to the Tax Implementation Agreement[1] between the United States of America and the Virgin Islands of the United States are

---

[1] Feb. 24, 1987, 1989-1 C.B. 347.  This is not a typographical error.  The Agreement was first published by the Service in the 1989 Cumulative Bulletin, two years after it was signed.

already in the possession of the IRS. Further, all tax returns filed with the IRS are, by definition, already within the possession of the IRS.

23.     Moreover, the IRS's position that American citizens that resided in the United States Virgin Islands and filed a tax return with Virgin Islands pursuant to 26 U.S.C. § 932(c) are not subject to the statute of limitations provisions of 26 U.S.C. § 6501 (See Notice 2007-19 and Notice 2007-31) is untenable. In the instant case the IRS has opened audits of tax years that are almost ten (10) years old. The issuance of a summons to a third party in furtherance of these extremely belated audits is an abuse of this Court's process. Nina Olsen, the head of the IRS's Taxpayer Advocate Service discussed in the 2009 Annual Report to Congress (a true and correct copy of the relevant portion is attached hereto as Exhibit B) that "the IRS appears to be arbitrarily singling out a narrow class of taxpayers" (Exhibit B, page 7 of 9) and that "IRS audits of years ending before December 31, 2006, have gone on long enough" (Exhibit B, page 8 of 9). Accordingly, any enforcement of the third-party summons issued to Mr. Taylor would be an abuse of this Court's process.

24.     Contemporaneously with or prior to the filing of this Petition, copies of this Petition were mailed by registered or certified mail to the person summoned and the IRS officers and offices indicated in the summons.

**WHEREFORE**, Petitioners, by and through their attorneys, pray that the Administrative

Summons be quashed and for all other just and proper relief to which they are entitled.

Respectfully submitted,
For the Petitioners,

Jeffrey C. Melick (BBO# 342130)
Global NAPs, Inc.
89 Access Road/Suite B
Norwood, MA 02062
(781) 551-9956
Fax: (781) 551-9984

Date:  March 18, 2010.

8

## CERTIFICATE OF MAILING FOR I.R.C. §7609(b)(2)(B)

The undersigned hereby certifies that a copy of the foregoing Petition To Quash IRS

Third-Party Summons was deposited in the U.S. Mail, certified, return receipt requested, with

postage prepaid, addressed to:

        Ed Taylor, CPA
        Nardella & Taylor, LLP
        24 Hartwell Ave.
        Lexington, MA 02420
        USPS return receipt number
        7006 2760 0002 5374 7938

        Internal Revenue Service
        Attn:  Jackie Moss
        8700 Tesoro Drive, Suite 201
        MC 4309 SANC
        San Antonio, TX 78217
        USPS return receipt number
        7006 2760 0002 5374 7945

        U.S. Attorney's Office
        United States Federal Courthouse
        1 Courthouse Way, Suite 9200
        Boston, MA 02210
        USPS return receipt number
        7006 2760 0002 5374 7952

        U.S. Attorney General
        U.S. Dept. of Justice
        950 Penn. Ave., NW
        Washington, DC 20530-0001
        USPS return receipt number
        7006 2760 0002 5374 7969

Jeffrey C. Melick (BBO# 342130)
Global NAPs, Inc.
89 Access Road, Suite B
Norwood, MA 02062
(781) 551-9956
Fax: (781) 551-9984